**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JAMES ANDREW CARMICHAEL,
   Appellant,

   v.

DEPARTMENT OF VETERANS
  AFFAIRS,
   Agency.

DOCKET NUMBER
DC-1221-15-0840-W-1

DATE: November 9, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>M. J. Euchler</u>, Esquire, Virginia Beach, Virginia, for the appellant.

<u>Timothy O'Boyle</u>, Hampton, Virginia, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1  The appellant has filed a petition for review of the initial decision, which denied his request for corrective action in this individual right of action (IRA) appeal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to clarify the appellant's status and to clarify that the agency, and not the appellant, has the burden of proof regarding evidence that it takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated, we AFFIRM the initial decision.

## BACKGROUND

¶2      The agency appointed the appellant to the excepted-service position of Clinical Pharmacist. Initial Appeal File (IAF), Tab 7 at 27.[2] Upon the recommendation of the Chief of Pharmacy, the Human Resources Officer terminated the appellant less than 1 year after his appointment and prior to him

---

[2] The administrative judge referred to the appellant as a probationary employee. IAF, Tab 102, Initial Decision (ID). This term refers to individuals who are serving a probationary period and, unlike the appellant, are in the competitive service and subject to 5 C.F.R. § 315.806. Instead, the appellant, a nonpreference eligible who was not serving an initial appointment pending conversion to the competitive service, was an excepted-service appointee under 38 U.S.C. § 7401(3) who had not completed the requisite 2-year trial period for becoming an "employee" pursuant to 5 U.S.C. § 7511(a)(1)(C). *See Barrand v. Department of Veterans Affairs*, 112 M.S.P.R. 210, ¶ 12 (2009); IAF, Tab 7 at 27. Any error by the administrative judge in referring to the appellant as a probationary employee is harmless because it has no effect on his substantive rights. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

completing the applicable trial period.[3] *Id*. at 10-12. After exhausting his administrative remedies with the Office of Special Counsel, the appellant filed the instant IRA appeal and requested a hearing. IAF, Tab 1. The administrative judge conducted a hearing and then issued an initial decision denying the appellant's request for corrective action. IAF, Tab 102, Initial Decision (ID).

¶3       The appellant has filed a petition for review, and the agency has responded in opposition to his petition. Petition for Review (PFR) File, Tabs 3, 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4       On review, the appellant challenges the administrative judge's finding that the agency established by clear and convincing evidence that it would have terminated him absent his protected disclosures. PFR File, Tab 3 at 9-14. The administrative judge found that the appellant satisfied the proof requirement for establishing that his protected disclosures were a contributing factor in his termination because he made numerous disclosures between March 3, 2014, and January 30, 2015, and he was terminated less than a year later, on February 3, 2015. ID at 50. However, she found that the agency's evidence in support of its action was extremely strong, the acting agency officials did not have a strong motive to retaliate, and the appellant failed to identify similarly situated employees who were not terminated. ID at 52-62. She thus concluded that the agency showed that it would have terminated the appellant regardless of his protected disclosures. ID at 62. For the reasons discussed below, we agree.

The appellant established a prima facie case of whistleblower retaliation.

¶5       To establish a prima facie case of retaliation for whistleblowing under the Whistleblower Protection Enhancement Act of 2012, the appellant must prove, by

---

[3] The appellant's second-line supervisor left the agency in November 2014. Hearing Transcript (HT) Day 1 at 346 (testimony of the appellant's second-line supervisor). After the appellant's second-line supervisor left, the Chief of Pharmacy became his second-line supervisor and recommended the appellant's removal. HT Day 1 at 240, 303 (testimony of the Chief of Pharmacy).

preponderant evidence, that he made a protected disclosure or engaged in protected activity that was a contributing factor in the agency's decision to take or fail to take a personnel action.  5 U.S.C. §§ 1221(e)(1), 2302(a), (b)(8), (b)(9)(A)(i), (B), (C), or (D);[4] *Webb v. Department of the Interior*, 122 M.S.P.R. 248, ¶ 6 (2015).  He may meet this burden through circumstantial evidence, such as evidence that the official taking the personnel action knew of the disclosure and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action.  *Mastrullo v. Department of Labor*, 123 M.S.P.R. 110, ¶ 18 (2015).  Here, the administrative judge found, and we agree, that the appellant established, through the aforementioned knowledge-timing test, that several of the appellant's protected disclosures were a contributing factor in the agency's decision to terminate him.  ID at 49-50.

<u>The agency proved by clear and convincing evidence that it would have terminated the appellant absent his protected disclosures.</u>

¶6        If the employee meets his burden of showing that the protected disclosures were a contributing factor in the relevant personnel action, the Board then will consider whether the agency has proven that it would have taken or failed to take the same personnel action absent his whistleblowing.  *Campbell v. Department of the Army*, 123 M.S.P.R. 674, ¶ 12 (2016).  In determining whether an agency has met its burden of proving that it would have terminated the appellant absent his whistleblowing, the Board will consider the following factors (*Carr* factors): (1) the strength of the agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and (3) any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated.  *Soto v. Department of Veterans Affairs*, 2022 MSPB 6, ¶ 11;

---

[4] We have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

*see also Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999).[5]  The Board does not view the *Carr* factors as discrete elements and instead will weigh the factors together to determine whether the evidence is clear and convincing as a whole.  *Campbell*, 123 M.S.P.R. 674, ¶ 12.

> *The agency presented strong evidence in support of the termination action.*

¶7    The administrative judge found that the agency provided strong evidence in support of the appellant's termination, including by showing that he was resistant to his supervisor and lost his temper several times.  ID at 58.  The appellant challenges this finding.  PFR File, Tab 3 at 11-12.  He asserts that his dispute with an IV Room Technician and the fact that he was upset with his first-line supervisor when receiving his performance appraisal should not have formed the basis for his termination because the incidents were not mentioned in his performance appraisal, which his second-line supervisor upgraded to an excellent rating after he contested the initial rating.  *Id.*  First, the incident concerning his receipt of his performance appraisal occurred outside of the rating period, and it would have been inappropriate for the supervisor to consider the incident for that performance appraisal.  Second, the appellant's first-line supervisor and the appellant both testified that, when the appellant initially received his appraisal, she informed him that his interactions with his coworkers were problematic, and we find it reasonable that those concerns were not reduced to writing.  Hearing Transcript (HT) Day 1 at 30-31 (testimony of the appellant's first-line supervisor); HT Day 2 at 314 (testimony of the appellant); IAF, Tab 38 at 32.

---

[5] Historically, the Board has been bound by the precedent of the U.S. Court of Appeals for the Federal Circuit on this issue.  However, as a result of changes initiated by the Whistleblower Protection Enhancement Act of 2012, Pub. L. No. 112-199, 126 Stat. 1465, extended for 3 years in the All Circuit Review Extension Act, Pub. L. No. 113-170, 128 Stat. 1894, and eventually made permanent in the All Circuit Review Act, Pub. L. No. 115-195, 132 Stat. 1510, appellants may file petitions for judicial review of Board decisions in whistleblower reprisal cases with any circuit court of appeals of competent jurisdiction.  *See* 5 U.S.C. § 7703(b)(1)(B).  We are unaware of other circuit courts that have considered this issue.

Third, although the appellant's second-line supervisor raised the appellant's rating to excellent, IAF, Tab 38 at 32, he properly viewed the incidents to be conduct, rather than performance-related, and, therefore, did not consider them in assessing the appellant's performance during the rating period, HT Day 1 at 365-66, 372, 375-76, 378 (testimony of the appellant's second-line supervisor). Accordingly, we find no reason why the appellant's raised performance evaluation would detract from the agency's strong evidence in support of his termination based on conduct unbecoming. *See McCarthy v. International Boundary & Water Commission*, 116 M.S.P.R. 594, ¶ 61 (2011) (finding that the appellant's conduct was problematic and that the agency had a strong basis for directing his termination during his trial period), *aff'd*, 497 F. App'x 4 (Fed. Cir. 2012).

> *The acting agency officials did not have a strong motive to retaliate against the appellant.*

¶8        The appellant next argues that his first-line supervisor should not have had the authority to terminate him because she was the subject of his disclosures. PFR File, Tab 3 at 12. We disagree, as those decisions are within an agency's discretion. However, the Board will consider whether an official was the subject of the appellant's disclosures in determining the strength of an agency official's motive to retaliate. *See Herman v. Department of Justice*, 119 M.S.P.R. 642, ¶ 16 (2013). Here, the administrative judge found that the appellant's first-line supervisor was the subject of only one of the appellant's disclosures, which the administrative judge found was not protected. ID at 7-8, 46. The administrative judge also found that the supervisor was receptive to his criticism about other issues. ID at 59-60. For instance, she directed that the IV Room Technician be retrained regarding rules in the IV room after the appellant complained about her noncompliance and also included him on a working group about concerns in the IV room. HT Day 1 at 32 (testimony of the appellant's first-line supervisor). Thus, we find that she was receptive to at least some of the appellant's comments.

¶9 We have considered that the appellant's second-line supervisor received disclosures from him, which related to standards that the agency was required to meet. HT Day 1 at 347, 350 (testimony of the appellant's second-line supervisor). However, there is no basis for finding that these emails caused a strong motive to retaliate. Further, we defer to the administrative judge's conclusion that the Chief of Pharmacy had little motive to retaliate because she testified credibly that she welcomed disclosures and that they provided a means of learning about problems. ID at 59-60; *see Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1372 (Fed. Cir. 2016); IAF, Tab 18 at 10-17, Tab 72 at 24-26.

¶10 The appellant next argues that the agency did not demonstrate that it would have terminated him absent his disclosures because the Human Resources Officer testified that the Chief of Pharmacy deliberately failed to tell her about the disclosures and that, if she knew about the disclosures, she would not have terminated him. PFR File, Tab 3 at 9-10; HT Day 1 at 337, 342, 344 (testimony of the Human Resources Officer). The appellant cites to her testimony, which he asserts establishes that she now questions the veracity and intent of the officials who requested his termination. PFR File, Tab 3 at 9; HT Day 1 at 344 (testimony of the Human Resources Officer).

¶11 To the extent that the appellant is arguing that the Human Resources Officer's testimony demonstrates that agency officials concealed his protected disclosures despite the fact that this information normally would be made available, this could indicate a retaliatory motive. However, the administrative judge found, based in part upon the testimony of the appellant's first-line supervisor and the Chief of Pharmacy, that agency officials did not have a strong motive to retaliate. ID at 60. We defer to these findings, which are implicitly based upon these witnesses' demeanor, and agree that the agency officials did not have a strong motive to retaliate. *See Purifoy*, 838 F.3d at 1372. Furthermore, in a whistleblower retaliation case, the Board ultimately must determine whether the

agency would have taken the same action absent the appellant's protected disclosures. *Campbell*, 123 M.S.P.R. 674, ¶ 12. The testimony of the Human Resources Officer is supportive of this ultimate conclusion because she testified that she terminated the appellant without actual knowledge of his disclosures.

¶12        The appellant next asserts that the agency attempted to further its retaliatory motive by collecting complaints from his coworkers to support his termination. PFR File, Tab 3 at 13. However, the Procurement Narcotics Purchaser Pharmacy Supervisor (S.B.) testified that employees had complained to him about the appellant's behavior and that he told the employees that they should put their complaints in writing. HT Day 1 at 418-20 (testimony of S.B.). This testimony is supported by the testimony of the Chief of Pharmacy, who confirmed that the employees confided in S.B., who would pass on their written complaints to the Chief of Pharmacy. HT Day 1 at 258-59, 276 (testimony of the Chief of Pharmacy). The IV Program Manager stated that he sent a written statement complaining about the appellant without being instructed to do so. HT Day 2 at 87-91 (testimony of the IV Program Manager). The appellant's general assertions do not contradict this evidence and testimony. Consequently, we find that the evidence reflects that the agency was not collecting complaints from the appellant's coworkers simply to support its agenda of terminating him because of his protected disclosures.[6]

---

[6] On review, the appellant has submitted a consent order, entered into approximately 1 month after the initial decision, in which S.B. agreed to the suspension of his pharmacy license. PFR File, Tab 3 at 16-22. The Board may grant a petition for review when the petitioner establishes that new and material evidence is available that, despite his due diligence, was not available when the record closed. 5 C.F.R. § 1201.115(d)(1). Evidence is material when it is of sufficient weight to warrant an outcome different from that of the initial decision. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980). To the extent that the appellant has submitted this order to impeach S.B.'s credibility, evidence submitted on review merely to impeach a witness's credibility generally is not new and material, and we have not considered it as such. *Bucci v. Department of Education*, 42 M.S.P.R. 47, 55 (1989). Nevertheless, even if we did consider this evidence, it does not affect our determination that the agency established by clear and convincing evidence that it would have terminated the appellant absent his

¶13    We further consider that the officials taking the personnel action against the appellant did not suffer ramifications as a result of his disclosures.  ID at 60; HT Day 1 at 199 (testimony of the appellant's first-line supervisor), 319 (testimony of the Chief of Pharmacy); *see Runstrom v. Department of Veterans Affairs*, 123 M.S.P.R. 169, ¶ 17 (2016).  We have found, however, that an appellant's criticisms, which reflect negatively on employees in their capacities as managers, are sufficient to establish retaliatory motive.  *Chavez v. Department of Veterans Affairs*, 120 M.S.P.R. 285, ¶ 33 (2013); *see also Whitmore v. Department of Labor*, 680 F.3d 1353, 1370 (Fed. Cir. 2012).  Nonetheless, weighing all evidence, including the testimony of the appellant's first-line supervisor, his second-line supervisor, the Chief of Pharmacy, and the Human Resources Officer, we conclude that the agency did not have a strong motive to retaliate against the appellant.

> *We agree with the administrative judge that there are no similarly situated employees who were not terminated.*

¶14    Finally, the appellant argues that the agency treated him more harshly than another pharmacist with whom he had engaged in an altercation.[7]  PFR File, Tab 3 at 11-12.  In considering the discipline imposed in response to the altercation with the other pharmacist, the administrative judge noted the testimony of the appellant's first-line supervisor that she verbally counseled the other pharmacist but that she treated this employee less harshly than the appellant because she was unaware of other misconduct in which that pharmacist had engaged and because the other pharmacist had worked at the agency for a long

---

protected disclosures.  The appellant made disclosures to S.B., and S.B. was involved in the aftermath of an altercation in which the appellant was involved.  However, S.B. was not involved with taking the personnel action against the appellant, and any connection of this evidence to the appeal is otherwise extremely remote.

[7] The appellant argues that he was treated more harshly than the IV Room Technician. PFR File, Tab 3 at 11.  However, she was a longtime employee who retired.  ID at 53. Accordingly, we find that she was not similarly situated to the appellant.

time.   ID at 61; HT Day 1 at 193-94 (testimony of the appellant's first-line supervisor).   We agree with the administrative judge that this employee was not similarly situated to the appellant given that she was a tenured employee.   Thus, we agree with the administrative judge that the agency did not treat the appellant more harshly than a similarly situated nonwhistleblower.[8]   ID at 61-62. Nevertheless, we have considered that the agency has otherwise presented no evidence of similarly situated employees, under which circumstance the Board has held that the third *Carr* factor cannot weigh in favor of the agency.   *Soto*, 2022 MSPB 6, ¶ 18.

¶15   Regardless, considering that the agency presented strong evidence in support of its decision to terminate the appellant during his trial period and the lack of a strong motive to retaliate against him, we find that the agency proved by clear and convincing evidence that it would have terminated the appellant absent his protected disclosures.   *McCarthy*, 116 M.S.P.R. 594, ¶ 66.

## NOTICE OF APPEAL RIGHTS[9]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.   5 C.F.R. § 1201.113.   You may obtain review of this final decision.   5 U.S.C. § 7703(a)(1).   By statute, the nature of your claims determines the time limit for seeking such review and the appropriate

---

[8] The administrative judge found that the appellant did not identify any other nontenured employees who engaged in similar misconduct who were not terminated.  ID at 61.   We modify the initial decision to clarify that the appellant does not have the burden of identifying such employees.   Instead, it is the agency's burden to prove that it would have terminated the appellant absent his protected disclosures, and the Board will consider any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated in determining whether the agency has met its burden.   *Soto*, 2022 MSPB 6, ¶¶ 11, 18.   Any error in this respect is harmless because there is no evidence of such employees.   *See Panter*, 22 M.S.P.R. at 282.

[9] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.   As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[10] The court of appeals must <u>receive</u> your

---

[10] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on

petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:       /s/ for _____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.